142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James ALLEN, Petitioner-Appellant,
v.
Jeffrey J. CLARK, Respondent-Appellee.
 No. 96-2420.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1998.*
Decided May 1, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. No. TH 96-78-C-T/H, John D. Tinder, Judge.
 Before Hon. RICHARD A. POSNER, Hon. WALTER J. CUMMINGS, and Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner James Allen pleaded guilty to conspiracy, armed bank robbery, possession of a firearm by a convicted felon, and interstate transportation of a stolen vehicle. The district court sentenced him to thirty-seven years' imprisonment. Allen filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that the United States Parole Commission violated the Ex Post Facto Clause of the United States Constitution. He argues that the Ex Post Facto Clause was violated because the parole hearing panel considered offenses for which he was acquitted. See 28 C.F .R. § 2.19(c). The district court concluded that there was no Ex Post Facto violation and denied Allen's petition. Allen appeals, requesting that this court remand his case for a reconsideration hearing.
 
 
 2
 While incarcerated in 1990, Allen incurred disciplinary rule infractions including possession of a weapon and the attempted killing of another inmate. After a member of the penitentiary staff heard screams coming from a stairwell, he observed Allen with a silver weapon in his right hand, stabbing another inmate repeatedly. A disciplinary hearing officer found that Allen had committed attempted killing and possession of a weapon. Based on this incident, Allen was also tried in the district court before a jury and was acquitted of assault with a dangerous weapon and possession of a prohibited object.
 
 
 3
 In 1991, the Parole Commission revised its policy guidelines regarding what offenses may be considered in determining a defendant's parole release date. The applicable guideline, 28 C.F.R. § 2.19(c), allows for the consideration of offenses for which a prisoner was found not guilty. Three years after the amendment of § 2.19(c), Allen's initial parole hearing was held. Notwithstanding Allen's acquittal in the district court, the parole hearing panel concluded that Allen committed the attempted killing and possession of a weapon while incarcerated. The Parole Commission decided that Allen would not be paroled.
 
 
 4
 On appeal. Allen argues that the Parole Commission's application of the amended version of 28 C.F.R. § 2.19 was an Ex Post Facto violation because the guideline before the amendment did not provide for the consideration of offenses which were the subject of an acquittal. At the outset, however, we must look to the context of the parole guidelines to discern whether the amended change was a "law" within the meaning of the Ex Post Facto Clause. See Ingelese v. United States Parole Comm'n, 768 F.2d 932, 935-36 (7th Cir.1985).
 
 
 5
 In the context of determining a parole release date pursuant to 28 C.F.R. § 2.20, we have concluded that parole guidelines are not laws for the purposes of the Ex Post Facto Clause. Id. Construing the Commission's Parole Guidelines as a whole, we concluded that the guidelines are applied in a discretionary fashion, i.e., that the Commission may grant or deny release notwithstanding the guidelines. Id. at 936. Based on the discretionary quality of the guidelines, we concluded that the guidelines are merely guides, not laws. Id. This court has further reasoned that because parole guidelines are interpretive rather than legislative, the guidelines are not an exercise of delegated authority, and thus, not laws. Prater v. United States Parole Comm'n, 802 F.2d 948, 954 (7th Cir.1986) (en banc).
 
 
 6
 The United States Parole Commission's summary of the amended § 2.19(c) further supports the proposition that § 2.19(c) is a guideline, not a law. As the Commission's summary of the final rule indicates, the amendment substitutes a statement of general policy with respect to whether the Commission may consider charges for which a prisoner was acquitted:
 
 
 7
 The Commission is removing a provision in its regulations that prohibited (with certain exceptions) consideration of charges upon which a prisoner was found not guilty after trial. The revised regulation substitutes a statement of general policy with respect to the use of such charges. The change reflects recent federal court decisions concerning the authority of a sentencing judge to consider the same type of evidence. The rule is intended to prevent certain situations in which the application of the prohibition has produced parole results inconsistent with the statutory criteria for parole at 18 U.S.C. § 4206.
 
 
 8
 56 Fed.Reg. 30867 (1991).
 
 
 9
 Because revised § 2.19(c) is a guideline and not a law, Allen's argument that the Parole Commission's application of § 2.19(c) was an Ex Post Facto violation must fail. Reviewing the district court's legal determinations de novo, we conclude that Allen is not entitled to habeas corpus relief because he has not established that he is in custody in violation of a constitutional right. Barnard v.. Henman, 89 F.3d 373, 376 (7th Cir.1996); 28 U.S.C. § 2241(c)(3). Therefore, the district court judgment is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a): Cir. R. 34(f)